1

2

3

4                               UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6

7    MELANIE CAROL PRESLEY,                      Case No.  14-cv-01814-JD

8                     Plaintiff,

9           v.                                    **ORDER GRANTING IN PART
                                                  PLAINTIFF'S MOTION FOR EAJA**
10   CAROLYN W. COLVIN,                            **FEES**

11                    Defendant.                   Re: Dkt. No. 35

12          In this social security appeal, plaintiff has requested an award of attorney's fees and costs

13   under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  The request is granted

14   with some modifications by the Court.

15          Defendant does not deny that plaintiff is a "prevailing party" but contends that no fees are

16   warranted because defendant's legal position was "substantially justified" under 28 U.S.C.

17   § 2412(d)(1)(A).  The problem with this argument is that it focuses only on the legal positions the

18   government took during the defense of the case.  Under the EAJA, the "position of the United

19   States" which must be "substantially justified" "means, in addition to the position taken by the

20   United States in the civil action, the action or failure to act by the agency upon which the civil

21   action is based."  28 U.S.C. § 2412(d)(1)(A).  Our Circuit has expressly stated that "[i]n the social

22   security context, we have consistently treated the ALJ's decision as the 'action or failure to act by

23   the agency upon which the civil action is based.'"  *Meier v. Colvin*, 727 F.3d 867 (9th Cir. 2013).

24          It is the government's burden to show that its position was substantially justified, and it has

25   failed to do so in this case with respect to the ALJ's decision upon which this action is based.  The

26   February 5, 2016 order of the SSA Appeals Council remanding this case back to the

27   administrative law judge points out certain errors in the ALJ's September 12, 2012 decision.

28   These include the ALJ's failure to properly weigh "the medical opinion evidence pertaining to the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    claimant's psychological impairments," and the ALJ's improper reliance on the vocational expert
2    evidence for the reasons stated in the Appeals Council's remand order.  Dkt. No. 37-1 at 1-2.  The
3    Court finds that these errors, which were identified by the Social Security Administration itself,
4    preclude the government from showing here that the ALJ's decision was "substantially justified,"
5    or that it had "a reasonable basis in both law and fact."  *Meier*, 727 F.3d at 870 (quoting *Pierce v.*
6    *Underwood*, 487 U.S. 552, 565 (1988)).  The Court consequently finds that plaintiff is entitled to
7    an award of attorney's fees and costs under the EAJA.

8         For the specific amount to be awarded, the government has argued that the amount sought
9    by plaintiff -- $13,769.70 -- should be reduced.  Dkt. Nos. 35, 36.

10        The Court in its discretion rejects the government's arguments about the fees that were
11   allegedly excessive, unreasonable or duplicative.  Dkt. No. 36 at 5-7.  The Court generally finds
12   the fees and costs challenged by defendant to be reasonable and sufficiently documented.

13        The government has also made arguments about specific fees that are not properly
14   compensable under the EAJA, Dkt. No. 36 at 7-8, and plaintiff has made no reply about those
15   items.  Dkt. No. 37.  The Court consequently subtracts from the amount requested the fees for time
16   spent before the complaint was filed, as well as for time spent on plaintiff's subsequent application
17   for benefits after the filing of this case.  These result in a subtraction of $519.51 from the
18   $13,769.70 sought by plaintiff.

19        The Court consequently orders defendant to pay **$13,250.19** of EAJA fees and costs to
20   plaintiff, Melanie Presley, as soon as practicable.  The government may make the amount payable
21   to plaintiff's counsel instead, should it determine that it can properly do so under the applicable
22   rules and regulations.  Dkt. No. 36 at 8-9.  The Court declines to set a time limit for the payment
23   and orders the government to make the payment as soon as practicable.  Plaintiff may, however,
24   request the Court's further assistance in the event no payment has been made within 120 days.

25        **IT IS SO ORDERED.**

26   Dated:  May 10, 2016

27

28   _____
     JAMES DONATO
     United States District Judge

2